State v. Hughes.

THE STATE, Respondent, v. HUGHES, Appellant.

1. It is a matter within the discretion of the lower courts to permit leading questions to be put to witnesses.
2. A license to sell liquor at a place named in a specified block in the city of St. Louis, will not authorize a sale in another block in said city.
3. A license to sell spirituous liquors can not justify a sale made prior to its date.

*Appeal from St. Louis Criminal Court.*

*Bland & Coleman,* for appellant.
*Voullaire,* (assistant circuit attorney,) for respondent.

RYLAND, Judge, delivered the opinion of the court.

This case comes into this court upon appeal from the Criminal Court of St. Louis county, where the appellant was convicted upon an indictment filed in said court on the 25th of September, 1855, charging the appellant, in the usual form, with selling intoxicating liquors in St. Louis county, on the 1st of January, 1855, without license, by the glass, to Daniel Worthington, and others to the grand jury unknown. The questions arising upon this appeal grow out of the action of the court below upon the trial of the cause.

The cause was tried in the court below on the 23d November, 1855 ; the appellant was convicted and fined $75. The respondent called as a witness upon the trial of the cause, Daniel Worthington, who testified that he had never been in appellant's place of business, but gave evidence tending to show the drinking of whisky and brandy at the appellant's place of business in the months of August and September, 1855. The witness not being able to speak with certainty as to the character of the liquor drank, the circuit attorney asked him the following question : "Have you seen liquor sold there that you are satisfied was not soda ?" This question was objected to by defendant's counsel as leading, and also that it did not call for

any fact, but only the conclusion of the witness' own mind from what he had seen ; and that the witness should only be allowed to give facts in evidence to the jury, and not his own convictions or conclusions. The objection was overruled by the court, and the counsel for the defendant excepted, and the witness answered : "I have. I saw liquor drank there that was not turned out of soda bottles." On the cross-examination, the witness testified that he was not willing to swear to the drinking or sale of any whisky or brandy. No other evidence was offered on the part of respondent to show a sale, although a witness was introduced who proved a drinking at the appellant's place of business.

The appellant offered in evidence a certificate of license issued to him by the county court of St. Louis county, as follows : " State of Missouri, county of St. Louis, ss. To all to whom these presents shall come, greeting : Know ye, that Wm. M. Hughes having obtained from the county court of St. Louis county an order for a license to keep a dram-shop at his stand in block No. 15 of the city of St. Louis, for six months from the 19th day of April, 1855, and having paid to the collector the state and county tax thereon, these are therefore to license said Hughes to sell fermented drinks, wines of all kinds, and spirituous liquors, in any quantity less than ten gallons, at the place aforesaid, for said period of six months. In testimony whereof, I hereto set my hand and affix the seal of said court the 23d day of April, 1855. (Seal.) This license not transferable. J. Thornburgh, clerk." Which the court refused to allow in evidence until the defendant first proved that the place of sale or of business was block No. 15 of the city of St. Louis, and refused to allow the same to be read in evidence to the jury until after such preliminary evidence was given. The defendant admitted that the sale of liquor for which he was being tried took place in a grocery kept by him in block 179, and not in block 15, and for this ground the state objected to the reading of the license in evidence, and the court sustained the objection, and defendant excepted ; which admission was

made by defendant after the court had decided that defendant must first prove he sold in block No. 15, to which ruling, decision and refusal the counsel for defendant then and there on his behalf excepted.

The appellant then offered in evidence another certificate of a license issued to him by the county court of St. Louis county, of which the following is a copy : " State of Missouri, county of St. Louis, ss. To all to whom these presents shall come, greeting : Know ye, that Wm. M. Hughes having obtained from the county court of St. Louis an order for a license to keep a dram-shop at his stand in block 179 of the city of St. Louis, for six months from the 23d day of July, 1855, and having paid to the collector the state and county tax thereon, these are therefere to license the said Wm. M. Hughes to sell fermented drinks, wines of every kind, and spirituous liquors, in any quantity less than ten gallons, at the place aforesaid, for said period of six months. In testimony whereof, I hereto set my hand and affix the seal of said court the 26th day of October, 1855. (Seal.) This license not transferable. J. Thornburgh, cl'k." And also offered to show that the block specified in said license was the block in which his place of business was in August and September last, as testified to by the witnesses on the part of the state, and where they saw the liquor drank testified to by said witnesses. The state objected to reading of second license, and the court refused to allow such license to be read in evidence to the jury on the ground that it could not take effect until the time of its actual issue by the clerk of the court, and that was subsequent to the time of filing the indictment. The counsel for the defendant then offered to prove that the order for a license mentioned therein was duly granted upon a petition of a majority of the householders in block 179, in the city of St. Louis, filed with the county court on the 23d day of July, 1855. The court refused such license to be read in evidence to the jury either before or after such last offer, and the counsel for the defendant then and there excepted to such refusal.

From the above full statement of the case, there are but two or three propositions necessary for our consideration. There is nothing wrong in the question suffered to be put to the witness Worthington, nor in his answer. This court would not reverse a judgment because the lower court suffered a leading question to be asked the witness. It is often permitted. The inferior courts are the best judges when the truth requires such questions to be asked before it could be drawn out. There is nothing wrong on this point. There was evidence from which the jury might very properly conclude that the defendant was guilty of selling intoxicating liquors in St. Louis county. The two points then made by his counsel first above are not tenable. Whatever might be the opinion of this court in regard to the defendant's third point, the error, if any, was completely done away by his admission that the sale of the liquors for which he was indicted was not made in block No. 15, the place for which the license offered was granted, but was made in block No. 179. The court required the defendant to show that the sale was had at the place covered by the license before it could be read as authority for the sale. Now a member of this court is inclined to think that a license might have been properly read before such proof could be demanded of the defendant, and that the state should prove the sale was at a different place; but as the defendant admitted that the sale was at a different place, this local license was no protection, for it gave permission to sell at block No. 15 only. The court agree unanimously that this admission does away with any supposed error in the court below. The indictment is for selling liquor in St. Louis county without license. The license offered permitted the sale at a particular place in the county, namely, in block No. 15, of the city of St. Louis. Now my own impression is, for this license to protect, he must show that he sold under it—that is, at the place permitted—otherwise the license fails to give authority to sell, for nowhere else except at block No. 15 aforesaid is he authorized to sell. There is no error then committed by the court in rejecting this license first offered.

The last point is the rejection of the license for block No. 179. The sale took place before the date of this license. The indictment was filed before the date of this license. But the defendant contends that the order made by the county court granting him the permission to obtain a license being in July, the license afterwards issuing in October must relate back to the order, and cover all the time from the date of the order in July for the next succeeding six months. Now such is not the view of this court. The order is not the license; and when the license is obtained and dated, it looks forward, not backward. It can not have relation back so as to cover the intermediate space. The order for a license would not protect him, if he sold liquors (intoxicating) before he thought proper to obtain his license; if so, he would not trouble himself to get a license. But it is the license to sell that gives the seller the protection under the law, and this court can not sanction the doctrine of relation back in such cases. The clerk of the county court very properly dated his license when it was issued; he referred to the previous order of the county court, thereby showing his authority to issue the license—not that the license was to have operation and vitality so long before it was in being. Upon the whole record, then, we find no error; the judgment below is affirmed, the *other judges concurring.*