THE STATE ex rel. DALTON et al. v. BAKER et al., Appellants.

Division Two, December 2, 1902.

1. **Board of Equalization:** JURISDICTION: SUBJECT-MATTER. The statutes give the county board of equalization jurisdiction over the subject-matter of adding to the assessment list of the taxpayer personal property by him falsely omitted therefrom.

2. ———: ———: OVER PERSON: APPEARANCE. The appearance of the taxpayer before the county board of equalization, and the submitting by him of a statement, written or oral, in opposition to the adding of other property to his personal tax list, gives such board jurisdiction over his person, whether he had actual notice of such proposed increase or addition or not. Appearance is waiver of service of notice in such case.

3. ———: INCREASING ASSESSMENT: EVIDENCE. In the absence of any showing that the county board of equalization did not hear evidence in relation to the increase of the taxpayer's assessment before such

State ex rel. v. Baker.

increase was made, it will be presumed that the board acted in accordance with the forms of law and faithfully discharged its duty. And in a certiorari such presumption must be indulged, since the law makes no provision for the preservation of the evidence taken by the board in such proceeding.

4. ———: CERTIORARI: THINGS REVIEWABLE. The writ of certiorari brings up for review only such facts as appear from the face of the record, and which go to the jurisdiction of the tribunal to which the writ is sued out, and no other facts can be reviewed by such writ.

5. ———: ADDING TO ASSESSOR'S LIST: PRESUMPTION FROM FINDING. The board of equalization had power, under the statute, to add to the assessor's list property not given in by the taxpayer. And where the taxpayer delivers a list of his property to the assessor, and the assessor gives to the board of equalization a certified list of credits, as shown by the record in the recorder's office, from which it appears that the taxpayer failed to list certain credits, and thereupon the board notifies such taxpayer to appear on a certain day and show cause why said omitted credits should not be added to his assessment, and the board, on his appearance, considers his statements, and adds said unlisted credits, it will be presumed that the board found the taxpayer guilty of returning a false list, with intent to defraud, since the statute makes it the duty of the board, if upon the hearing it appear that the taxpayer is not guilty as charged, to dismiss the proceeding.

6. ———: ———: OMITTED PENALTY: VALIDITY OF ADDED ASSESSMENT. The validity of the added assessment is not affected by the failure of the board to impose the statutory penalty for such false list.

7. ———: ———: OMITTING PENALTY: JURISDICTION. The jurisdiction of the board of equalization to add to the assessment list certain properties of the taxpayer omitted therefrom by the taxpayer, does not in anywise depend upon the exercise of the power of the board to assess the penalty for furnishing such false list, to-wit, treble the amount of the taxes ascertained to be due from him.

Appeal from Butler Circuit Court—*Hon. J. L. Fort,* Judge.

REVERSED (*with directions*).

*Phillips & Phillips* for appellants.

(1) That the board of equalization had jurisdiction of the subject-matter there can be no doubt. Sec.

7517, R. S. 1889; State ex rel. v. Buchanan Co. Board, 108 Mo. 243. (2) The parties appeared before the board in obedience to the notice given, and thereby waived all informality of notice given, if there was any. State ex rel. v. Buchanan County Board, supra; Brown v. Weatherly, 71 Mo. 152; Taber v. Wilson, 34 Mo. App. 97; Mining Co. v. Neptune, 19 Mo. App. 444. (3) If it should be insisted that no hearing was had before the board, we answer that all presumptions are indulged in favor of the sworn officers having done their legal duty. State ex rel. v. Railroad, 101 Mo. 128. (4) Certiorari only brings up the record of the inferior court. Railroad v. Board of Equalization, 64 Mo. 308; State ex rel. v. Smith, 101 Mo. 175; State ex rel. v. Kansas City, 89 Mo. 38; State ex rel. v. Edwards, 104 Mo. 126; State ex rel. Walbridge, 62 Mo. App. 163; State ex rel. v. Cauthorn, 40 Mo. App. 96. (5) It was not the province of the circuit court to ascertain whether the county court, in increasing the assessment, acted properly or improperly, wisely or unwisely, but only to determine from the record whether it had authority to act at all, whether or not the board of equalization had jurisdiction of the subject-matter, the only question. State ex rel. v. Cauthorn, 40 Mo. App. 97; State ex rel. v. Moniteau Co. Ct., 45 Mo. App. 390; Ward v. Board of Equalization, 135 Mo. 319; State ex rel. v. Buchanan Co. Board, 108 Mo. 243; secs. 7517 and 7537, R. S. 1889. (6) The act is not unconstitutional, either as depriving the accused of the right of trial by jury, or as depriving him of his property without due process of law. State ex rel. v. Moss, 69 Mo. 495. (7) Very summary remedies have been allowed in every age and country for the collection, by the Government, of its revenues. They have been considered a matter of State necessity. Without them it might be possible for defeated and dissatisfied persons to cripple and possibly break up the Government by depriving it of the resources for continuing its existence, until they could be gathered in by the slow processes which are available

Vol 170 mo—25.

to private parties. Cooley on Taxation (2 Ed.), p. 432. (8) Tax penalties are imposed for mere delinquencies, in order to hasten payment, and also as a punishment for frauds, evasions and neglect of duty. In some cases they are imposed by the taxing officers, in others they are recovered by suit or indictment. Where lists or statements are required to be furnished as a basis for taxation, the privilege of being heard in abatement of the tax is sometimes taken away, as a penalty upon the taxpayer for not furnishing it. Cooley on Taxation (2 Ed.), p. 456; Biddle v. Oaks, 59 Cal. 94.

*E. R. Lentz* for respondents.

(1) The board of equalization has power to equalize the valuation of property assessed by the assessor, but has no power to make an assessment of its own on property not so assessed. R. S. 1899, sec. 7518; Railroad v. Cass County, 53 Mo. 30. Here the board of equalization is attempting to assess property that never was assessed by the assessor, and not to equalize the valuation of that upon which the assessor has acted. (2) The board of equalization can only act upon testimony produced before it. Washington County v. Railroad, 58 Mo. 379. (3) (a) The board of equalization assumes to act in this case, under the authority given by section 7537, Revised Statutes 1889. Before the board has any power to act under this section, the assessor must give notice in writing, to the board, that the party to be charged has delivered to the assessor a false list of his property, with intent to defraud. No such notice is shown by the record in the case to have been given. (b) The board must, on receiving such notice, give notice thereof to the person who shall have furnished such false list, which notice shall specify the particulars in which said list is alleged to be false, and shall fix the time for a hearing of the matter, on which day the person aforesaid shall have the right to appear and defend against such charge. The notice given in this case does not, in terms, notify the relators that they

are accused of delivering a false list of their property to the assessor, nor does it in any manner specify the particulars in which such list is alleged to be false. This notice is not such a notice as is required by the statute. (c) The statute provides that the accused shall have the right to appear and defend against such charge. This necessarily implies that there shall be trial on charges preferred. The board must either find the person accused guilty, or not guilty. If not guilty, the charges shall be dismissed. If guilty, the board shall proceed to ascertain the true amount of all the property of such person subject to taxation, and shall, by way of penalty for furnishing such false list, treble the amount of taxes thus ascertained against such person. The record in this case does not show that any attempt was made to comply with the provisions of this section. This section gives no authority to the board of equalization to add a definite sum to the list of the accused, by way of a new assessment. (d) This section is highly penal in its nature, and must be strictly construed; nothing will be presumed to be within its purview which is not strictly within its letter. Smith v. Haworth, 53 Mo. 88; Fowler v. St. Joseph, 37 Mo. 238; State v. Bryant, 90 Mo. 534. (4) The mere fact that the records in the recorder's office may show that at some time in the past, deeds of trust or mortgages may have been executed to a taxpayer, does not prove that he has not returned a correct list of his property for taxation, nor is it any evidence thereof. For, by section 7566, Revised Statutes 1889, it is provided, that "No person shall be required to list a greater portion of any credits than he believes will be received or can be collected."

BURGESS, J.—This is a proceeding by certiorari sued out in the circuit court of Butler county, and directed to the board of equalization of that county, for the purpose of quashing the record of said board in which there was at their regular meeting in April, 1899, added to the assessment list of the personal property of

relators for that year other personal property of the value of $11,682. Respondents made return to the writ, and at the May term, 1899, of said circuit court, upon a hearing, the record of the proceedings of said board was quashed and annulled. Defendants appealed in due course after the usual motions and exceptions.

The record recites that the court quashed the proceedings of the board of equalization for the reason "that, as appears from facts appearing on the face of the record, and return of respondents herein, the said board of equalization was wholly without jurisdiction to make any order adding the sum of $11,682, or any other sum, to the assessment list of those relators, as it has assumed to do, and that the said pretended order of said board of equalization adding the said sum of $11,682 to the said assessment list of these relators, is wholly inoperative and void."

The first question presented for our consideration is whether the board of equalization had jurisdiction of the subject-matter. By section 7517, Revised Statutes of 1889, it is provided that: "There shall be in each county in this State, a county board of equalization, which board shall consist of the county clerk, who shall be secretary of the same but have no vote, the county surveyor, the judges of the county court, and the county assessor, which board shall meet at the office of the county clerk on the first Monday of April of each year."

Section 7518, is as follows: "Said board shall have power to hear complaints and to equalize the valuation and assessments upon all real and personal property within the county which is made taxable by law, and, having each taken an oath, to be administered by the clerk, fairly and impartially to equalize the valuation of all the taxable property in such county, shall immediately proceed to equalize the valuation and assessment of all such property, both real and personal, within their counties respectively, so that each tract of land shall be entered on the tax-book at its true value: Provided, that said board shall not reduce the valuation of the real or personal property of the county below the

value thereof as fixed by said state board of equalization.''

Section 7537, reads as follows: ''If any person shall, with intent to defraud, deliver to any assessor a false list of his property, it shall be the duty of the assessor to give notice in writing thereof to the said county board of equalization; and the said board shall, on receiving such notice, give notice thereof to the person who shall have furnished such false list, which notice shall specify the particulars in which said list is alleged to be false, and shall fix a time for a hearing of the matter, on which day the person aforesaid shall have the right to appear and defend against such charge; and if it appear that such person is not guilty as charged the said board shall dismiss the matter; but if it appear that such person is guilty as charged, it shall be the duty of said board of equalization to ascertain the true amount and value of all property of such person subject to taxation, and to tax the same as similar property of other persons is taxed, and in addition shall, by way of penalty for furnishing such false list, treble the amount of taxes thus ascertained against such person; and such person shall be required to pay such treble amount, and shall in addition thereto be liable to be punished for perjury.''

It is too clear for argument that under the sections of the statute quoted, the board of equalization had jurisdiction over the subject-matter of controversy; besides it was so held in the case of State ex rel. Lemon v. Buchanan County Board of Equalization, 108 Mo. 235.

The point is made that the board had no jurisdiction over the persons of plaintiffs, but this position is untenable. The record of the board shows that on April 19, 1899, the assessor of Butler county filed with the board a duly certified list of credits, as shown by the record in the office of the recorder of deeds of said county, from which it appeared that plaintiffs failed to list with the assessor certain credits amounting to $11,-682, and that upon the filing of said certificate with the

board it ordered its secretary to give to each of the plaintiffs a personal notice, by handing in person or by mail, notifying them of the amount not listed and setting April 26, 1899, as appeal day to hear appeals from the board's action.   That on April 19, 1899, a notice was issued by said board in pursuance of said order signed by the president of the board, and addressed to plaintiffs, but whether ever received by them or not does not appear.   But it does appear from the record that plaintiffs in their own proper persons were present at the trial before the board on April 27, 1899, and after being sworn submitted their statements, either oral or written, and the determination announced.   In these circumstances it must be held that plaintiffs waived all questions as to notice.   [State ex rel. Lemon v. Buchanan County Board of Eq., supra; State ex rel. v. Gaylord, 73 Wis. 306.]

It is said that the return fails to show that evidence was heard by the board in relation to the plaintiffs' assessment list, and therefore the action of the board is invalid.   A sufficient answer to this contention is, that the law makes no provision by which evidence of this character before boards of equalization may be preserved, in the absence of which it must be presumed that it acted in accordance with the forms of law and faithfully discharged its duties.   [State ex rel. v. Hannibal & St. Joe R. R. Co., 101 Mo. 128.]

It has always been held by this court that the writ of certiorari brings up for review only such facts as appear from the face of the record (Railroad v. State Board of Equalization, 64 Mo. 294; State ex rel. v. Smith, 101 Mo. 174; State ex rel. v. City of Kansas, 89 Mo. 38; State ex rel. v. Edwards, 104 Mo. 126) "and which go to the jurisdiction of the tribunal to which the writ is sued out" and no other facts can be reviewed by such writ.   [Ward v. Board of Equalization, 135 Mo. 309.].

We come now to the vital question for consideration in this proceeding, and that is, the authority of the board to add to the assessment list of the relators' prop-

erty of the value of $11,682 not given in by them.   This we·think the record plainly shows the board did.   The only authority claimed for such action is to be found in section 7537, Revised Statutes 1889.

While section 7518, supra, confers upon the board the power to hear complaints and to equalize the *valuation and assessments* upon all real and personal property within the county which is made taxable by law, it does not confer upon such board power to *assess,* but confers the power to *increase* or *diminish* the valuation made by the assessor (Railroad v. Cass County, 53 Mo. 17) ; and unless such power is conferred upon it by section 7537 it is nowhere to be found in the statute.   That such authority is conferred upon the board by that section under certain conditions, is, we think, clear, that is, where any person with intent to defraud, shall deliver to any assessor a false list of his property and shall be proceeded against in accordance with the provisions of that section for so doing, and if upon investigation by the board he be found guilty of intent to defraud in failing to deliver to the assessor a correct list of his property, then it becomes the duty of the board to ascertain the true amount and value of all property of such person subject to taxation, and to tax the same as similar property of other persons is taxed, and, in addition, to add by way of penalty for furnishing such false list, treble the amount of taxes thus ascertained against such person, etc.   Now, it appears from the record that the assessor did give notice in writing to the board calling their attention to the fact that plaintiffs had failed to list all of their property, but had omitted therefrom deeds of trust and mortgages compiled from the records in the office of the recorder of Butler county, covering a period of from January 1, 1896, to June 1, 1898, as relates to deeds of trust, and from January 1, 1897, to June 1, 1898, as relates to chattel mortgages; that upon the receipt by the board of said writing it caused to be made out a notice in writing to plaintiff, in which it is recited that, ''On the 19th day of April, 1899, the assessor of said county filed with the board a duly certi-

fied list of credits as shown by the record in the office of the recorder of Butler county, in which it appeared that you failed to list certain credits amounting to $11,682, and you are hereby notified to appear before said board on Wednesday, April 26, 1899, and show cause why the sum of $11,682, should not be added to your assessment for the year 1899, as provided in section 7537, Revised Statutes 1889.''

It does not appear, however, by positive evidence that plaintiffs received this notice, but it must be presumed that they did, for on the day next following, the one upon which they were required by the notice to appear before the board, the record shows they did appear, and after being duly sworn made their statements, either oral or written, to the board, which were taken under advisement. So that, if they did not receive the notice, they waived it by their appearance before the board.

The record shows further that, on April 28, 1899, the following entry was made:

''And the board having duly and carefully considered statements of persons made and filed herein it is now considered and ordered that from the amounts of unlisted credits returned to the board of equalization by the assessor, the following amounts (among others) be stricken out, viz.:

''E. W. Wright and James L. Dalton amount returned by assessor $11,682; amount stricken out, nothing; amount assessed by the board, $11,682.''

Now, as section 7537 makes it the duty of the board, if upon the hearing of such matter it appear that the person charged is not guilty as charged, to dismiss the matter, and they did not do this, but added to plaintiffs' assessment list theretofore furnished by the assessor to them the sum of $11,682, it must be conclusively presumed that the board found the plaintiffs guilty as charged; otherwise, it would not have added anything to said list, but would have dismissed the proceeding. Certainly the plaintiffs have no cause to complain of the failure of the board to impose upon them the pen-

alty prescribed by statute in such cases for furnishing such false list, to-wit, treble the amount of taxes thus ascertained, nor did the jurisdiction of the board at all depend upon the exercise of the power to impose the penalty.

In discussing this same section in State ex rel. Ferguson v. Moss, 69 Mo. 495, it is said: " 'Tax penalties are imposed for mere delinquencies, in order to hasten payment, and also as a punishment for frauds, evasions and neglect of duty. In some cases they are imposed by the taxing officers; in others they are recovered by suit or indictment. When lists or statements are required to be furnished as a basis for taxation, the privilege of being heard in abatement of the tax is sometimes taken away as a penalty upon the taxpayer for not furnishing it. There are some cases in which a right to impose a penalty, except upon a judicial investigation by a competent court, has been denied, as being the imposition of a punishment without trial. But when the penalty is imposed in the course of the proceedings to assess, and by officers who, for that purpose, exercise a quasi-judicial authority, and when the party is given an opportunity to be heard and contest his delinquency, either before the assessing officer or in some form of appeal, the imposition of a penalty does not seem to be out of harmony with the general spirit of tax proceedings, and perhaps may be sustained on the same principles that support tax laws in general.' [Cooley on Tax., 309, 314.] The act in question conforms to the principles thus announced. It does not authorize condemnation without a hearing, but on the contrary, expressly provides that the penalty therein declared for the delivery, by the taxpayer, of a false list of his property, shall not be imposed till such taxpayer has been served with notice, which shall specify the particulars in which said list is alleged to be false, and shall fix a day for hearing the matter, when such taxpayer shall have the right to appear and defend against such charge. It also provides that the complaint shall be heard by a board of equalization, com-

posed of the county court, assessor and surveyor. It may also be said that while an appeal is not allowed from their decision, their proceedings may be reviewed either by the circuit court or this court on certiorari, and if when the record is presented error appears from the face of it, they may be set aside and annulled. A delinquent taxpayer, against whom a penalty has been thus adjudged, may be said to have had the full benefit of 'due process of law.' ''

Our conclusion is that the judgment should be reversed with directions to the court below to quash the writ of certiorari.

It is so ordered. All of this Division concur.