THE STATE OF MISSOURI ex informatione CHARLES F. KELLER, Prosecuting Attorney, etc., ex rel. A. B. JONES et al., Relators, v. COUNTY COURT OF BUCHANAN COUNTY, Missouri, Respondents.

**Kansas City Court of Appeals, February 1, 1909.**

1. **TRIAL PRACTICE: Filing Paper: Record Entry.** Where a record entry shows that a paper is presented to the court it is a sufficient showing that it was properly filed though no file mark is made thereon.

2. **DRAMSHOPS: Granting License: Bond: Statement of Sales.** The bond against adulteration required to secure a license as a dramshop keeper is held to have been properly filed, and a failure to file a statement of the value of the liquor as received within the next preceding six months is not fatal to a license granted.

3. **————: Nunc Pro Tunc: Certiorari: County Court: Evidence.** Notwithstanding a *certiorari* may have issued from a superior court the county court has a right to enter an order *nunc pro tunc* not only during the term but after the term at which the license was granted; and the court issuing the *certiorari* will not hear evidence since the county court's record imports absolute verity.

4. **————: Verification: Certiorari: Evidence.** A court issuing a *certiorari* to a county court to bring up the record in the matter granting a dramshop license must take the action as it finds it and can not hear evidence to show that it was not verified at the time it purports on its face to have been, since that is a matter of equity jurisdiction.

Original Proceedings by Certiorari.

WRIT DISMISSED.

*Wm. B. Pistole* for relators.

(1)   The application in this case was not filed at the time of presenting of the petition, and there is no filing mark upon it to show when it was filed. It does not comply with the law, as amended at the 1907 session of the General Assembly, for the following reasons: First, that it does not state who is or who is to be the owner or owners of the said dramshop. Second, That it does not state that the applicant is not disqualified under any law of this state to conduct a dramshop. Third, for the reason that it is not verified by the oath or affidavit of the applicant thereto attached. These qualifications are jurisdictional, and until they have been strictly complied with the court had no jurisdiction or authority to grant a license to the applicant. Laws of 1907, 254, 255; 23 Cyc., 108, 121, 126, 133; 17 Am. & Eng. Ency. of Law, 243, 244; Black on Intoxicating Liquors, sec. 157; State ex rel. v. Heege, 37 Mo. App. 338; State ex rel. v. Neosho, 57 Mo. App. 192; State ex rel. v. County Court, 66 Mo. App. 96; State ex rel. v. Page, 107 Mo. App. 180; State ex rel. v. Scott, 96 Mo. App. 620; State ex rel. v. Page, 107 Mo. App. 213; State ex rel. v. Fort, 107 Mo. App. 328; R. S. 1899, sec. 2994; State ex rel. v. Seibert, 97 Mo. App. 212.   (2)   The burden of proving every material fact and issue is upon the applicant in every case. Hodges v. Metcalf County, 78 S. W. 177, 23 Cyc. 133; Black on Intoxicating Liquors, sec. 162; Whissen v. Firth, 73 Ark. 366, 84 S. W. 500, 68 L. R. A. 161; 17 Am. & Eng. Ency. Law, 252; Brown v. Leitz, 36 Neb. 527; Chandler v. Reubelt, 83 Ind. 139.   (3) The applicant did not show that he had a majority of all the assessed taxpaying citizens and guardians of minors owning property in the township outside the town of Rushville.   23 Cyc. 133; Black on Intoxicating Liquors, 162; Whissen v. Firth, 73 Ark. 366; State ex rel. v. Fort, 187 Mo. App. 328; State ex rel.

v. Higgins, 84 Mo. App. 531; State ex rel. v. Page, 107
Mo. App. 213; State ex rel. v. Seibert, 97 Mo. App. 212;
Cooper v. Hunt, 103 Mo. App. 9.   (4)   To sell liquor
at all without license is a violation of our liquor law.
R. S. 1899, sec. 2991.   To sell liquor on primary elec-
tion day is a violation of our election laws.   Laws of
1907, p. 259.   And it is no justification of the appli-
cant's conduct in this case to say that he was qualified
to conduct a dramshop and hoped to obtain a license
to do so.   23 Cyc. 111, 120; State v. Huntley, 29 Mo.
App. 278; State v. Hughes, 24 Mo. 147; Reese v. At-
lanta, 63 Ga. 344; Gurley v. State, 65 Ga. 157; Wiles
v. State, 33 Ind. 206; Commonwealth v. Welch, 144
Mass. 356, 11 N. E. 423; Chandler v. Ruebelt, 83 Ind.
139.   One who openly and notoriously violates the
law is not a law-abiding citizen.   Whissen v. Firth, 73
Ark. 366; Garrison v. Steele, 46 Mich. 96; State ex rel.
v. Bennett, 101 Mo. App. 224; State ex rel. v. Bennett,
102 Mo. App. 247.   (5)   The action of the county
court in issuing a license for six months from the first
day of August was void and without any authority of
law.   23 Cyc. 111, 114, 120; Wiles v. State, 33 Ind.
206; Commonwealth v. Welch, 144 Mass. 356, 11 N.
E. 423; Zeglin v. Carver Co., 72 Minn. 17, 74 N. W.
901; State v. Hughes, 24 Mo. 147; Reese v. Atlanta, 63
Ga. 344; Gurley v. State, 65 Ga. 157; R. S. 1899, sec.
2993; 17 Am. and Eng. Ency. Law, 241; Gumperts v.
Higgins, 84 Mo. App. 531; State ex rel. v. Moore, 84
Mo. App. 11; Gurley v. State, 65 Ga. 157.   (6)   The
court cannot give a retroactive effect to its finding.
State v. Huntley, 29 Mo. App. 278, and cases above
cited; Whitten v. Robison, 31 Mo. App. 525.

*Culver & Phillip* for respondents.

(1)   The application and the record disprove each
of the assertions of the relators.   (2)   The main in-
sistence of relators in this case is that the county court

135 App—10

had no jurisdiction to grant the license because the petition was not sworn to, and they attempt to establish this fact by parol evidence tending to show that the recitals of the record are false. We object to any such evidence tending to contradict the recitals of the record in this or any other respect, because in this proceeding parol evidence cannot be offered to contradict the record and nothing is reviewable in this court to determine the jurisdiction of the county court but the record of that court. State ex rel. v. Baker, 170 Mo. 390; Ward v. Board of Equalization, 135 Mo. 309. (3) Nor is it material that the record fails to show that the applicant "accompanied his application with a statement in writing, verified by his affidavit, of the value of all intoxicating liquors received at his stand or shop within six months next preceding the date of his application," as required by section 2994, Revised Statutes 1899. State ex rel. v. Seibert, 97 Mo. App. 217. (4) The record disproves the assertion that only the names of the taxpayers shown on the "personal tax books" were considered by the county court in determining whether the petition was signed by a majority of the "assessed taxpaying citizens and guardians of minors owning real estate" in the township outside of Rushville. State ex rel. v. County Court, 45 Mo. App. 391. (5) For the reason just given it is immaterial that the applicant kept his place of business open and sold liquor on August 3, 4 and 5, 1908, and that August 4, 1908, was primary election day. Authorities, supra. (6) The fact that the bond was endorsed "Filed and approved August 6, 1908, S. P. Smith," without any designation of Mr. Smith's official capacity as "county clerk" is immaterial in view of the fact that a portion of the record returned herein, to-wit, the jurat attached to the affidavit on the application, and the certificates and the minutes of the court proceedings show that S. P. Smith was the county clerk.

BROADDUS, P. J.—This is a proceeding by certiorari for a review of the action of the county court of Buchanan county in granting to Charles C. Keene a saloon license. The judges of the court are made respondents.

The petition sets forth that on the 3rd day of July, 1908, there was filed in the office of the clerk of said county court the petition of said Keene to conduct a dramshop in the village of Winthrop in Rush township in said county; and that after said petition was placed on file in said office the hearing thereon was continued from time to time until the 8th of August, 1908, at which time the matter was taken up and license issued to conduct a dramshop as prayed for.

The relators allege that the action of the county court in granting said license was without authority of law; that the court had no jurisdiction to grant such license upon the petition and application of said Keene for the reason that no verified application therefor was made to the court in accordance with the provisions of sections 2993a and 2995b of the Session Acts of 1907, p. 255-6.

That the court had no jurisdiction to grant a license to said Keene for the reason that he failed to prove upon the hearing that a majority of the assessed taxpaying citizens, residents of said township, together with the guardians of minors owning real estate therein, outside of the town of Rushville had signed his petition for said dramshop; and for the further reason that the court found, and its record shows, that the said Keene was not a law-abiding citizen, and that he has violated the law as contained in Article 1, chapter 22, Revised Statutes 1899.

That the issuance of said license was without authority of law in this, that he did not accompany his application with a statement in writing, verified by affidavit, of the full value of all intoxicating liquors received at his shop within six months next preceding

the date of such statement for the purpose of levying and collecting for State and county purposes an *ad valorem* tax of the same amount as that paid by merchants upon merchandise, as required by Section 2994, Revised Statutes 1899.

That the issuance of said license was without authority of law for the reason that he gave no bond in the sum of $2,000 with two or more resident securities, conditioned that the said Keene should keep at all times an orderly house and that he will not sell or otherwise dispose of, or suffer the same to be done about his premises, any intoxicating liquor to any minor; and conditioned that he will not violate any of the conditions of article 1, chapter 22, Revised Statutes 1899, and that he will pay all taxes required by law, and all fines, penalties and forfeitures which may be adjudged against him as required by said section 2995; and that no such bond has ever been approved by said court.

That the issuance of said license by said court was without authority of law for the reason that it purports on its face to be in force and effect from and after a date prior to the hearing upon said petition and prior to the time when the record of the court was made; that this was done for the purpose of pardoning the acts of said Keene for a violation of section 2991, *idem,* on August 3, 4 and 5, 1908.

That the issuance of said license was without authority of law for the reason that it was granted for a period of five months and twenty-one days instead of for six months as required by section 2995, *idem.*

The respondents made return to the writ accompanied with a complete copy of all the records together with all the original papers on file in said court pertaining to the matter.

The Hon. Samuel I. Motter was appointed special commissioner to take such evidence as the parties de-

State ex inf. v. Jones.

sired on the hearing to be had by this court. The evidence so taken by him has been filed herein.

The record accompanying the return shows that on July 13, 1908, the petition of Keene for a dramshop license was continued to August 6th; that on August 6th the evidence was heard and the case taken under advisement until August 8th; that on August 8th the court proceeded to hear the case and after various recitals made an order to grant the petitioner a license to keep a dramshop; and that on the 14th day of October, it being a part of the same term of the court, the court entered a *nunc pro tunc* judgment.

The *nunc pro tunc* judgment was made for the purpose of supplying omissions in the judgment previously entered on the 8th day of August and contains recitals to the effect that the evidence was heard and the following, "It is therefore found and adjudged by the court that said applicant, Charles C. Keene, is a law-abiding, assessed, taxpaying male citizen of said township over the age of twenty-one years, and that the petition accompanying his petition for a dramshop license is signed by a majority of the taxpaying citizens and guardians of minors owning real estate in said Rush township outside of the corporate limits of the town of Rushville in the block and square in which said dramshop is to be located," etc. Then follows the order granting the license for a period of six months from and after the 1st day of August, 1908.

There is no mark on Keene's petition for a license, but the record made on July 13th shows that it must have been on file at that time, which we think is a sufficient showing that it was properly filed notwithstanding the omission of the clerk to note the filing on the back of the paper.

The original papers show that the petitioner gave the bond as required by statute in relation to the adulteration of liquors, and also the bond to keep an orderly house, and not to sell such liquors to minors, etc., and

the record shows that they were approved by the court, but he did not file a verified statement in writing of the value of all intoxicating liquors received at his shop within the next preceding six months.

The *nunc pro tunc* judgment entered on the 14th day of October, 1908, was made after the writ in this case was issued and served upon respondents, but before the respondents made their return to it. Notwithstanding the writ had been issued and served upon the respondents before said *nunc pro tunc* judgment, we are not prepared to say that it was unauthorized, for we recognize the power in a county court, it being- a court of original jurisdiction, to render such a judgment not only at the term during which the original judgment was rendered, but also at a subsequent term. Until the term is ended, the judgment is said to be "in the breast of the judge or judges" and subject to such emendation as may be necessary to make it comply with the original judgment actually rendered.

The relators attack the *nunc pro tunc* judgment and offer extraneous evidence to show that it is not supported by the evidence heard by the court when the original judgment was rendered. This, they cannot do in this proceeding as the said judgment imports absolute verity and its recitations are conclusive until set aside in a proper proceeding for that purpose.

We believe there is no merit in the contention that the proceedings are invalid because the petitioner Keene failed to file a statement of the value of all intoxicating liquors received at his shop within the next six months preceding the date thereof, as required by section 2994, Revised Statutes 1899. It is held that such a statement was not necessary to confer jurisdiction. [State ex rel. v. Seibert, 97 Mo. App. 212.] Nor do we think the fact, that the license antedated the date on which it was ordered, affected in any manner the validity. [State v. Hughes, 24 Mo. 147.] In such instances, the

license takes effect from the date of its delivery and not from its date.   [State v. Pate, 67 Mo. 488.]

The evidence relators offer tends to show that the application of Keene for a license was not verified by the applicant as required by section 2993, Laws of 1907, and that as a matter of fact he did not make oath as to the truth thereof at any time, and that the jurat of the clerk was not attached until long after the time the judgment granting the license had been entered. We are bound to take the application as we find it. Upon its face, it shows that the application was sworn to on the 6th day of August, 1908. It is said that, "A dram-shop license issued when the county court has no juris-diction is void; and the facts showing such jurisdiction may be gathered from the petition, application and record; and such facts, though in truth they are not facts, cannot be inquired into on the question of juris-diction; yet such facts can be shown in a proceeding in equity to set aside the license and the jurisdiction may be set at naught." [Burkharth v. Stephens, 117 Mo. App. 425.] A writ of certiorari brings up for re-view only such facts as appear upon the face of the record.   [State ex rel. v. Baker, 170 Mo. 383.]

As the record and the original papers show that the court had jurisdiction of the matter and, whether they speak the truth or otherwise, they are conclusive and not subject to review.  The writ is dismissed.   All concur.