THE STATE ex rel. the COLLECTOR OF THE CITY OF ST. LOUIS v. TITLE GUARANTY TRUST COMPANY, Appellant.

**Division Two, July 25, 1914.**

1. **TAXATION: Equity in Hypothecated Notes.** The Lincoln Trust Company of St. Louis, owning $549,385.56 worth of notes secured by real estate, placed them with the Union Trust Company, as trustee, to secure the payment of $500,000 first mortgage gold bonds issued by said Lincoln Trust Company. Then said Lincoln Trust Company sold its equity in the notes to defendant for $49,385.56, just the difference between the amount of the notes and the amount of the bonds they were deposited to secure. *Held,* that defendant was taxable upon $49,385.56, the value of its equity, and not upon the full value of the notes.

2. ———: **Board of Equalization: Supreme Court: Going Behind Records to Strike off Property Wrongly Added.** In a suit for personal taxes the Supreme Court on appeal is not bound by the records of the board of equalization, but may go behind them to strike off property not legally taxable against defendant, which, so far as the records show, was added to the assessment under the guise of increased valuation.

3. ———: **Board of Equalization in City of St. Louis: Power to Add Omitted Property.** By the Act of 1903 (R. S. 1909, sec. 11407), county boards of equalization were given the power to add omitted property to the assessment, and accordingly, by virtue of Sec. 3, p. 2562, R. S. 1899, which provides that all laws requiring a county officer to perform any duty

shall include the corresponding officer of the city of St. Louis, the St. Louis board of equalization has like power to add omitted property.

4. ———: ———: **Notice to Property Owner: Defects Waived by Appearance.** Although the notice to a property owner from a board of equalization failed to state, in accordance with Sec. 11407, R. S. 1909, the kind, class, and value of property about to be added to his assessment, but set out rather that the board proposed to increase his assessment, nevertheless any defects in the notice were waived by appearance.

5. ———: ———: ———: **No Showing of Class to which Property is Added.** The fact that the records of the board of equalization of St. Louis do not show the class to which omitted property was added does not invalidate the action of the board.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm,* Judge.

REVERSED AND REMANDED (*with directions*).

*Wilfley, Wilfley, McIntyre & Nardin* for appellant.

(1) The debenture bonds, to secure which the notes in question in this case are deposited, are issued under express authority of the statutes defining the power of trust companies. R. S. 1909, sec. 1124. (2) Statutes imposing taxes are strictly construed against the State and in favor of the taxpayer. 37 Cyc. 768; State ex rel. v. Alt, 224 Mo. 513. (3) A general statutory provision that all property in the State shall be subject to taxation does not authorize the imposition of a tax on specific property where to impose such tax on such property would involve double taxation. Cooley on Taxation (3 Ed.), p. 398; State v. Railroad, 37 Mo. 268; State ex rel. v. Lesser, 237 Mo. 310; State ex rel. v. Brinkop, 238 Mo. 298; State ex rel. v. Railroad, 196 Mo. 535; East Livermore v. Trust & Banking Co., 69 Atl. (Me.) 306; Security Co. v. Hartford,

61 Conn. 89; Tennessee v. Whitworth, 117 U. S. 136; Iron Factory Co. v. Danvers, 10 Mass. 514. (4) The Board of Equalization of the city of St. Louis has no power to add to a tax return property which was not included in the return: Charter, art. 5, sec. 24; Revised Code, City of St. Louis (1907), sec. 2099; Railroad v. Cass County, 53 Mo. 17; State ex rel. v. Cunningham, 153 Mo. 642; State ex rel. v. Baker, 170 Mo. 283; State ex rel. v. Alt, 224 Mo. 513. (5) No tax can be collected unless founded on a valid assessment; and that the assessment on which a taxbill is based was not properly made may be shown in defense to a suit on the taxbill. State ex rel. v. County Court, 13 Mo. App. 54; State ex rel. v. Cunningham, 153 Mo. 642; State ex rel. v. Lesser, 237 Mo. 310.

*Edward W. Foristel* and *Frank H. Haskins* for respondent.

(1) The notes secured by mortgage owned by appellant were subject to taxation. R. S. 1909, sec. 11348; Russell v. Croy, 164 Mo. 69. (2) The board of equalization had authority to add property to the return made by appellant. Charter, art. 5, secs. 15, 24; R. S. 1909, secs. 11354, 11407, 11521; State ex rel. v. Baker, 170 Mo. 383; State ex rel. v. Alt, 224 Mo. 509. (3) Appearance before the board is a waiver of defect in notice or proceedings. State ex rel. v. Baker, 170 Mo. 383. (4) The fact that the board added to the return property knowingly omitted is a conclusive presumption that they found the omission was made with fraudulent intent. State ex rel. v. Baker, 170 Mo. 383. (5) Increasing the amount of class 8 is not adding new property but is a re-valuation of property previously listed. Donch v. Board, 4 Ind. App. 374. (6) Even if an assessment is improperly raised it will not prevent judgment for the amount actually due. State ex rel. v. Vaile, 122 Mo. 47.

ROY, C.—This is a suit for personal taxes in which judgment went for the plaintiff.

At the assessment of June 1, 1910, the defendant returned to the assessor an assessment list or "tax return" showing the following items:

| Class | Articles | Value | Total Value by Classes |
|---|---|---|---|
| Fifth. | Money on hand ..................$ | 12,735.71 | |
| Sixth. | Money deposited in bank or other safe place ................... | 173,620.31 | $185,356.02 |
| Eighth. | Aggregate statement of all solvent notes secured by mortgage or deed of trust ................ | 93,597.34 | |
| Ninth. | Aggregate statement of all solvent bonds, whether state, county, town, city, township, incorporated or unincorporated companies ....................... | 51,100.00 | 144,697.34 |
| Tenth. | Title plant ...................... | 350,000.00 | 350,000.00 |
| | Subject to state, school and city tax...... | | $680,060.00 |

On April 1, 1911, the following entry was made on the record of the board of equalization:

"On motion, the board proposed to increase the assessment of the following"—then enumerates a number of different names, among which is included "the Title Guaranty Trust Company, $680,060 proposed to increase to $2,500,000."

The records of the board read in evidence show that Messrs. Rohan, Allen and Gottlieb appeared before the board in behalf of the defendant on April 5, 1911, and furnished to the board evidence on the question of defendant's taxable property. On April 8, following, a committee representing defendant again appeared before the board. On April 15, 1911, the following entry was made in the records of the board:

"On motion, the board increased the personal assessment of the Title Guaranty Trust Company from $680,060 to $861,000."

No notice of the action of the board taken on April 15, 1911, was given to defendant.

The evidence before the board of equalization and on the trial showed that the item of $93,597.34 was the face value of the solvent notes held by the defendant, secured by real estate, and which had not been pledged for the payment of bonds. Such evidence also showed that the Lincoln Trust Company had owned notes secured on real estate to the amount of $549,385.56, which it had placed in the Union Trust Company of St. Louis as trustee to secure the payment of $500,000 of first mortgage gold bonds issued by the Lincoln Trust Company. The latter company by an agreement in writing conveyed to the defendant its equity in the notes so deposited with the Union Trust Company, in consideration of the payment by the defendant to the Lincoln Trust Company of the amount of $49,385.56, just the difference between the amount of the notes and the amount of bonds they were deposited to secure. The board, after hearing the evidence, added to the total of the original assessment list as returned by the defendant the full amount of the hypothecated notes, making $680,060.00 +$549,385.56=$1,229,445.56. The board then estimated the total value at seventy per cent of the latter sum and fixed its total assessment in round numbers at $861,000, a net increase of $180,940 of the total assessment.

The total rate of taxation for all purposes is $2.22 on the $100 of valuation.

I. The Lincoln Trust Company acted under the provisions of the eighth clause of section 1124, Revised Statutes 1909, when it

**Taxation: Equity in Hypothecated Notes.** placed the $549,385.56 in notes in the Union Trust Company to secure the bonds issued by the Lincoln Trust Company. Appellant truly says that the bonds thus

issued were not exempted by that or any other law from taxation. It further says that to tax both the bonds and the notes would be double. taxation. We think not. There is no law which enables a taxpayer to deduct the amount of his debts from the amount of his taxable property. When a taxpayer holds a solvent note and places it as collateral to secure a note made to another party by him, he is subject to taxation on the full value of such collateral note, because the law taxes his property ignoring his debts. The Lincoln Trust Company was taxable with the full value of the pledged notes, it having no power to deduct the bonds which it had sold against those notes.

But the defendant does not stand in the shoes of the Lincoln Trust Company. The latter company did not sell to the defendant the entire interest in the notes. It sold only the equity in them, amounting to $49,385.56. As between all the parties concerned in the notes or bonds, the defendant owns only the equity in those notes, while $500,000 of their value must be applied to the payment of the bonds. So far as the facts appear, defendant did not buy the notes and assume to pay the bonds. It bought the equity, leaving the bonds to be taken care of, so far as personal obligation is concerned, by the Lincoln Trust Company, and so far as security is concerned by the lien on the notes. Did the defendant, by buying an interest (equity) in the notes valued at $49,385.56, become at once subject to assessment for $549,385.56? Surely, one who owns some small interest in a horse, a promissory note, a stock of goods, or other personal property, is not subject to taxation for its full value. He is to be taxed only on his interest in the property, whatever that interest may be.

II.   The records of the board show merely an increase in the valuation of the property already as-

sessed. At least that is the effect of the entry. But the *fact* is that the board added to the list what it adjudged to be omitted property, and then reduced the total amount by thirty per cent. It is our duty to go beyond the surface of things and to discover what the real facts were. This is not a proceeding by *certiorari,* where the court must take the record of the board as conclusive, as in State ex rel. v. Baker, 170 Mo. l. c. 203.

*Records of St. Louis Board of Equalization: Suit for Personal Taxes: Going Behind Board's Record.*

In State ex rel. v. Cunningham, 153 Mo. 642, it was held that the board had no right to add other property to the list under the disguise of "increased valuation." In that case it was held that the board had no power to add other property to the list. The law on that question has since been changed (State ex rel. v. Baker, 170 Mo. 383); but we still say that the board cannot add to the list under such disguise property which is not legally taxable against the defendant.

III. In State ex rel. v. Lesser, 237 Mo. 310, the taxpayer had in *due form of law,* been assessed with stock in a foreign corporation. In a suit against him to collect the tax, based on such assessment, this court held that such stock was not legally subject to assessment against him. In that case the property assessed against the taxpayer was *owned* by him, but not subject to assessment.

In this case the $500,000 in the notes was not owned by the defendant. Surely the court has the same power to furnish relief in this case as in the other.

IV. Section 3 of article 25 of the "Laws specially applicable to the city of St. Louis," as it appears on page 2562, Revised Statutes 1899, provides that: "All laws requiring any officer of any county to perform any

*Power to Add Omitted Property.*

duty, service or trust, under the laws of this State, shall include all corresponding city officers named in the charter and scheme of separation for the government of the city and county of St. Louis.''

Many sections of those laws specially applicable to St. Louis have been published in the revision of 1909 in various different subdivisions of that revision. Section 3 above referred to does not appear in that revision, so far as we have been able to discover, but it is still the law, because it has never been repealed. It appears as section 408, on page 159 of Rombauer's Revised Code of St. Louis.

Prior to 1903 neither the county boards of equalization under section 1104, Revised Statutes 1909, nor the board of equalization of St. Louis under section 24 of article 5 of the city charter, had power to add omitted property to the assessment. By the Act of 1903, now section 11407, the county board was given such power. Every reason which prompted the giving of such power to the county boards applies to the city board. In our opinion the section above referred to extends the application of the amendment to the city board of equalization, and gives it power to assess omitted property.

V. Said section 11407 provides that when the board shall add any property to the books, it shall

Notice to Property Owner.

serve notice on the owner, stating the kind and class of property, and the value, and stating the time and place when the owner may be heard.

It must be conceded that the notice in this case did not state that any property had been added to the books. The language of the notice very clearly indicates that it was given in accordance with section 24 of article 5 of the charter above mentioned, which

only contemplated an increase in the assessment of property already on the books.

Cooley on Taxation (3 Ed.), vol. 1, p. 783, says: "Yet by appearing before the board he waives all objections to the absence or insufficiency of notice." It was so held in State ex rel. v. Baker, 170 Mo. l. c. 390.

VI. The fact that the record of the board did not show the special class of property to which the omitted property was added does not invalidate the action of the board. Had the record entry shown that the omitted property was added to the list of solvent notes secured by deeds of trust, it would not have made the result in any way different, so far as the defendant is concerned. The form of the entry was merely an irregularity not affecting the rights of the defendant.

Records:
No Showing
of Class.

We pass no opinion on the process by which the board added the full amount of the notes which were placed as such security and then fixed the assessment at seventy per cent of the total amount. We do find the fact to be that the interest of the defendant in the pledged notes, i. e., $49,385.56, was properly charged in the assessment against the defendant; and that said assessment as fixed by the board was valid to the extent of the original assessment increased by $49,385.56, amounting to $729,445.56. The rate of taxation being $2.22 on each $100 valuation, the principal of the tax legally due is $16,193.69.

The judgment is reversed and the cause remanded with directions to enter judgment for the latter amount named as taxes, (and since by its appeal substantial relief has accrued to appellant,) with interest thereon at the rate of six per cent per annum from the date of the judgment heretofore entered in this cause by the circuit court of the city of St. Louis, together with all costs of suit. *Williams, C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court. *Walker, P. J.*, and *Brown, J.*, concur; *Faris, J.*, concurs in result.