LAND, J.
Plaintiff sued to reduce the assessment made against it under the head of “merchandise or stock in trade * * * $20,000.00.” The judgment of the district court reduced the amount to $1,500, and on appeal by defendants to the Court of Appeal the judgment was affirmed. The case comes before us on writ of review.
The business of plaintiff company was, in 1903, the buying and selling of fresh meat shipped to the city of New Orleans in carload lots. This meat was disposed of on arrival, and on no day during the entire year did the company have on hand a stock of meat of more than $1,500 in value.
The company, in the usual course of business, received and disposed of three car loads of meat during each week, and its sales of meat amounted to about $20,000 per month, or $240,000 per year.
In assessing the merchandise or stock in trade, the taxing authorities took the total amount of meat received during the previous year, and divided the same by 12, thus reaching what is called the “average” value, of *175 stock on hand during the previous year. It is argued by defendants that this mode of assessment is warranted by section 7 of Act No. 170, p. 350, of 1898, from which we make the following extracts:
“That it is made the duty of the tax assessors throughout the state to place upon the assessment list all property subject to taxation, including merchandise or stock in trade on hand at the date of listing: .* * * and provided further, that in assessing mercantile firms the true intent and purpose of this act shall be held to mean, the placing of such value upon the stock in trade, all cash, whether borrowed or not, money at interest, open accounts, credits etc. -as will represent in their aggregate a fair average on the capital, both cash, and credit, employed in the business of the party or parties to be assessed.”
Under this section a mercantile firm, like an individual, is assessed with all of its property subject to taxation, and not on its capital eo nomine. Thus in the case at bar the plaintiff company was assessed'with animals, vehicles, merchandise or stock, money loaned, all credits and bills receivable, money in possession or deposited, and furniture, the total aggregating $29,450. The enumeration embraced every constituent element of the capital employed in plaintiff’s business. As a matter of fact, the cash value of the merchandise or stock on hand was $1,500, and this value was raised by the assessor to $20,-000,* on the theory that it represented the average value of the merchandise received during the previous year. Among the property enumerated in section 1 (page 346) of the act we find “all goods, wares and merchandise, and other stock in trade, in possession on hand and under control.” Section 7 of the same act reads, “merchandise or stock in trade on hand at the date of listing.” The act further provides that the assessor shall list all -taxable property within his jurisdiction “at its actual cash value.”
The proviso of section 7 states that:
“In assessing mercantile firms the true intent and purpose of the act shall be held to mean, the placing of such value upon the stock in trade, all cash, whether borrowed or not, money -at interest, open accounts, credits, etc., as will represent a fair average on the capital employed in the business of the party or parties to be assessed.”
The statute does not provide that the capital eo nomine shall be assessed, but that all the elements which enter therein shall be so valued as to represent a fair average of the capital employed. As all the elements and the capital represent the same thing, when we ascertain the fair average of the elements we also determine the fair average of the capital. The meaning of the proviso, therefore, is that the average amount of stock, money, rights, credits, etc., which may vary through the year, shall b'e taken as the basis of assessment. The same section directs the assessor to consider the average amount of insurance on stock and assets carried by the assured during the year preceding the date of valuation.
“Average” is obtained by calculating the mean of several amounts, numbers, or quantities. See Standard Dictionary, verbo. “Average” is necessarily an intermediate amount, number, or quantity between two extremes. If plaintiff company at no one period of time during the year had on hand more than $1,500 of merchandise, it is self-evident that a “fair average” of its stock cannot exceed that amount.
The assessors’ contention is that the monthly receipts of merchandise during the year should be added together, and their sum total divided by 12. This method necessarily counts merchandise sold during the month as a part of the stock on hand at the end of each month, and is an assessment of the amount of purchases, rather than of stock on hand. As the money or credits received from sales are also taxable, this method would lead to double taxation, in contravention of the express provisions of section 7, which declares that “no property shall be taxed twice in the same year.” Under the assessors’ rule, a merchant whose entire capital is $5,000 might be taxed on $10,000 on stock in trade, *176 if lie each month sold $5,000 of merchandise, and reinvested the proceeds in other merchandise. On the same theory a butcher or other vendor of perishable commodities, who buys and sells from day to day $100 worth of stock, might be taxed on $3,000 of capital. The circumstance that the merchant or dealer turns over his capital every six months, or every month, of every day, does not affect the question. His capital, plus profits or minus loss, remains the same; and it is this average capital, represented by merchandise, money, rights, credits, which the statute intends to reach. In the case at bar the total assessment exceeds the total tangible property and assets of plaintiff company by $18,500. This result demonstrates that the basis of the assessment of stock on hand is radically wrong. The statute taxes neither purchases nor sales, and the assessment should be based on “a fair average” of all the component elements of the capital employed in the business. This “average” may be above or below the values at the date of listing.
Judgment affirmed.