BREAUX, C. J.
Relator brought suit in the district court to obtain a decree compelling the board of assessors to reduce the assessment on their property.
This property consists of their merchandise and stock in trade in New Orleans, which they say is assessed at $20,000, but is not worth $10,000.
Petitioners, for a reduction of assessment on their property, made the usual application to the local authorities, and afterwards brought their suit as above mentioned. The judge of the district court rendered judgment in favor of plaintiff, reducing their assessment from $20,000 to $10,000. From this judgment the board of assessors and others took an appeal to the circuit court of appeal.
The judgment was affirmed by the circuit • court.
In answer to a rule nisi issued on defendants’ application, as relators, the case is before us.
*177 We are informed by the testimony that in assessing property defendants take into account the receipts of merchandise in stock of the 12 months preceding the assessment, and then divide by 12, and the remainder is the amount fixed of the stock and merchandise.
The contention on the part of the plaintiff in the district court, appellee and defendant in the circuit court of appeal, and of respondent here, is that the merchandise or stock in trade on hand on the day of listing should be taken.
The constitutional provision ordains that property shall be assessed at its cash value. Article 225.
In order to arrive at the value, the Legislature enacted the following:
“Provided further, that in assessing merchandise the true intent and purpose of this act shall be to mean the placing of such value upon the stock in trade, all cash, whether borrowed or not, money at interest, open accounts, credits, etc., as will represent in their aggregate a fair average on the capital both cash and credit employed in the business of the parties to be assessed.”
Plaintiffs set out that the assessment ordered by the court embraces all their merchandise and stock in trade. We think that, plaintiffs’ claim in this respect is sustained by the testimony.
The judgment places the proper value, as we think, upon the stock in trade. It has sought to and has reconciled “the fair average” clause with the law relative to the listing the property and its value.
The judgment appears to us to have done justice between the parties.
The inventory and the testimony support the valuation made. The stock in trade must be taken with reference to the stock in trade generally in hand. This we understand has been done, and fair evaluation reached. The basis of amount of receipts divided by 12 has been passed upon adversely to defendant in Swift & Co. v. Board of Assessors, 38 South. 1006,[1] handed down to-day. We will not take up the subject again. It only remains for us to say that the basis adopted here has every appearance of being sufficient, and in line with the statutes.
The rule nisi is recalled, and applicant’s, demand is rejected, and his petition dismissed.

 Ante, p. 321.