(43 South. 891.)

No. 16,490.

PONS v. BOARD OF ASSESSORS FOR PARISH OF ORLEANS et al.

(April 1, 1907. Rehearing Denied May 13, 1907.)

TAXATION — ASSESSMENT — PRESUMPTIONS — REVIEW.

The assessment of the property of a taxpayer is presumed to be correct, until he proves the contrary. The statutory appeal of the taxpayer from the action of the board of assessors brings up only the question of the correctness of his individual assessment. Other assessments cannot be considered for the purpose of reducing the official valuation below the standard of the actual cash value as fixed by law.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, § 924.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; George Henry Théard, Judge.

Action by Antoine Pons against the board of assessors for the parish of Orleans and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Paul Louis Fourchy, for appellant. Francis Charles Zachane, for appellee tax collector. George Hitchings Terriberry, for appellee board of assessors. St. Clair Adams, Asst. City Atty., for appellee city of New Orleans.

LAND, J. This is a suit for the reduction of the assessments for the year 1905, on two certain properties situated in the city of New Orleans.

The plaintiff appeals from an adverse judgment maintaining the assessments as made.

The only issue tendered in the petition is that the properties were assessed at more than their respective cash values at the date of the listing. The issue is one of fact, and the burden of proof is on the plaintiff. We might well affirm the judgment on the principle that, where the evidence is conflicting, the judgment below will not be disturbed, unless clearly and manifestly erroneous; but we prefer to briefly state the evidence.

The lot, designated as "No. 700 Canal," was assessed at $135,000. The plaintiff contends that the actual cash value of this property at the date of the listing did not exceed $70,000. Plaintiff's solitary expert testified that in his opinion $100,000 would have been a fair assessment for the year 1905, and defendant's expert testified that in 1905 it was worth $150,000. This particular property is situated at the corner of Canal and Royal streets, and in 1905 was bringing in a rental of $12,000 per annum. The assessor testified that in fixing the valuation he was guided by the revenue the property brought, and that both assessments were very fair.

The other property, designated as "No. 200 North Rampart," was assessed at $30,000, and plaintiff's contention is that at the date of the listing its actual cash value did not exceed $20,000. As usual, the experts differed; plaintiff's witness fixing the cash value at $20,000, and the defendant's witness estimating the cash value at $50,000. This

property yielded a rental of $3,828 per annum.

Both experts testified to the phenomenal advance of real estate values on properties situated on and near Canal street since the year 1904. According to plaintiff's expert, this advance has been based rather on speculative considerations than on rental values. We gather from his evidence that property on Canal street renting for $12,000 per annum should be worth $150,000, and he admits that the property in question on said street was worth at least $150,000 in the year 1906. While the correct basis of assessments should be the actual cash market value at the time, income may be justly considered in case of ordinary commercial property valuable only for revenue. Fenner, J., concurring, in Cotton Exchange v. Board of Assessors, 37 La. Ann. 426. In the instant case the opinion of the defendant's expert as to cash market value is corroborated by the annual rentals of the properties.

The assessment of the property of a taxpayer is presumed to be correct until he proves the contrary. Id. 424.

Counsel for the plaintiff in their brief maintain that plaintiff's properties were assessed much too high in comparison with other properties in the same block. The experts agree that such is the case as to some of the properties, and it seems to be true as to all the other properties, if the valuation be based only on their respective areas. It is ob-

vious, however, that location and other factors have a very important bearing on the question of actual cash value.

This suit is in the nature of an appeal from the action of the board of assessors in fixing the value of plaintiff's property. The only question brought up for review by the pleadings is whether the assessed value was greater than the actual cash value. If the law requiring that all property shall be assessed at its actual cash value could be literally carried out, uniformity would result; but as value is a matter of opinion, and even the best experts differ in their estimates, we may expect now and then to find that the assessors have made honest mistakes in valuation.

It is the duty of the boards of review to increase or reduce assessments which are above or below the standard of actual cash value. Every taxpayer has a right of appeal to the court as to his particular assessment. The courts, however, have no statutory mandate to review other assessments and to decree that they are below the standard of actual cash value. If plaintiff's property was not assessed at more than its actual cash value, she has no legal right to ask for a reduction. Conceding for the sake of argument that courts of equity may set aside an assessment on the ground of fraudulent discrimination, we have no such case before us on the pleadings or the facts.

Judgment affirmed.