MARTIN L. HALL COMPANY *vs.* COMMONWEALTH.

Suffolk.   March 26, 1913. — June 18, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Tax*, Excise.   *Corporation*, Taxation.   *Statute*, Construction.

St. 1912, c. 491, provides that the tax commissioner in assessing the valuation of corporate franchises of domestic corporations for taxation shall deduct nothing for the value of shares of stock of such a corporation held by it for its own benefit, whereas under the statutes previously in force it was his duty to deduct the value of such shares as securities which if owned by a natural person resident in this Commonwealth would not be liable to taxation. St. 1912, c. 491, was approved on April 16, 1912, and provided that it should take effect upon its passage. The tax commissioner undertook to apply it in making the assessment for the corporate franchise tax on a domestic corporation for the year 1912. *Held*, that the general rule established by St. 1909, c. 440, that all taxes shall be assessed as of April 1, applies to excises on corporate franchises as well as to direct taxes and that the deductions should be made as of the same date, so that St. 1912, c. 491, could not be applied lawfully to the assessment for the excise tax on domestic corporations for the year 1912.

Statutes imposing taxes are to be construed strictly and the right to tax is not to be extended by implication. By RUGG, C. J.

PETITION under St. 1909, c. 490, Part III, §§ 70, 71, filed in the Supreme Judicial Court on November 25, 1912, by a corporation organized under the laws of this Commonwealth, for reimbursement for the amount of a franchise tax or excise for the year 1912 paid under protest as assessed by the tax commissioner and alleged to have been illegally exacted, alleging that the tax commissioner in making his valuation of the plaintiff's franchise failed to deduct the value of one thousand nine hundred and eighty-five shares of the common stock of the plaintiff held by it for its own benefit which by the laws in force on April 1, 1912, it was the duty of the commissioner to deduct as the value of securities which if owned by a natural person resident in this Commonwealth would not be liable to taxation.

St. 1909, c. 490, Part III, § 41, cl. 3, provides that the tax commissioner, in ascertaining the value of the corporate franchise of a domestic business corporation, shall deduct from the market value of its shares, among other things, "the value . . . of securities which if owned by a natural person resident in this Commonwealth would not be liable to taxation." St. 1910, c. 270 did not change this provision. St. 1912, c. 491, approved on April 16, 1912, amended the clause by inserting, "Nor shall there be deducted the value of any shares of stock of the corporation itself owned directly or indirectly by it or for its benefit."

The case came on to be heard by *De Courcy,* J., who reserved and reported it for determination by the full court with the following statement: "The only question in controversy is whether the assessment of a corporate franchise tax upon the petitioner for the year 1912 was subject to the provisions of St. 1912, c. 491, which took effect April 16, 1912. If the assessment of the tax was subject to the provisions of that statute, the petition is to be dismissed. If it was not subject to the provisions of that statute, a decree is to be entered in accordance with St. 1909, c. 490, Part III, § 71, adjudging that the amount of $1,070.11 of said tax as assessed by the tax commissioner, and the amount of $2.67 interest upon said tax, were illegally exacted."

*M. M. Johnson,* (*J. R. Benton* with him,) for the petitioner.

*A. Marshall,* Assistant Attorney General, for the Commonwealth.

RUGG, C. J. The question presented on this record is whether

St. 1912, c. 491, applied to the corporation excise tax for the year 1912. That statute effected an important change in the deduction to be made by the tax commissioner from the value of the corporate franchise of domestic corporations before computing the excise. That statute was approved on April 16, 1912. St. 1909, c. 440, § 1, establishes the rule that taxes shall be assessed as of the first day of April in each year. St. 1909, c. 490, Part III, § 40, in connection with St. 1909, c. 440, requires domestic corporations to make returns to the tax commissioner in detail as to their property "as of the first day of April," while § 41 directs the tax commissioner to ascertain from the returns or otherwise the fair cash value of all shares constituting the capital stock of corporations "on the preceding first day of April." From this value certain deductions including that established by St. 1912, c. 491, are to be made. The fair implication from these repeated references to the first day of April is that that date is the one as of which all assessments, ascertainments of value and deductions are to be made. It is the contention of the Commonwealth that because the actual computations by the tax commissioner were not made until the summer of 1912, they should be made according to the law as it stood when made and not as it was on April 1. Its argument is founded chiefly on § 2 of the Act of 1912, which provides that it shall take effect on its passage, and which will be of little or no effect unless it is held to apply to the taxes of 1912. We are of opinion that this contention cannot be supported. The general rule is that taxes shall be assessed as of April 1. *Hough v. North Adams*, 196 Mass. 290. It is apparent from the sections to which reference has been made that this date applies to corporation excises as well as to direct taxes. The deductions should be made as of the same date. It would create great confusion in the ascertainment of corporation excises if the valuation of property to be deducted from the value of the franchise was not made as of the same date. It must be made as of some date. No other date is mentioned in the statutes. It is unreasonable to think that the Legislature could have intended that the value of the deductions should be made as of the sliding time in each year when the tax commissioner might reach each corporation in his calculations. A definite time is almost imperative in the practical administration of the law. The state of the statutes

on the same date must govern the rights of parties. Tax laws are strictly construed. If the right to tax is not plainly conferred by the statute it is not to be extended by implication. Statutes commonly are not interpreted as retroactive in operation in the absence of a plainly expressed legislative intent to that end. It would have been simple to say that the statute should apply to excises for 1912 if that had been its purpose. The argument drawn from the section that the statute should take effect at once adds little if anything to what would have been its force without that provision, for it then would have been in effect before the excise was computed.

In accordance with the terms of the reservation decree is to be entered adjudging that the amount of $1,070.11 of tax and $2.67 of interest thereon were exacted illegally.

*So ordered.*