(68 South. 113)

No. 20848.

CARR et al. v. LOUISIANA CENTRAL
LUMBER CO. et al.

(March 8, 1915.   Rehearing Denied April 12,
1915.)

*(Syllabus by the Court.)*

1. TAXATION ⬦⬥493 — ASSESSMENT — APPEAL
TO COURT—PREMATURITY.

The law declares that:

"Any taxpayer shall have the right to appear before the board of reviewers and call in question any assessment on the roll, if he considers such assessment too low; and any taxpayer shall have the right to appeal from the decision of the assessor or the board of reviewers to the courts, at his own cost." Act No. 63 of 1906, § 2.

And where one taxpayer appears before the board of reviewers, at the proper time, and by petition, with specification, calls in question the assessment of another, and the board, in effect, decides that his petition discloses no cause or no right of action, by laying his petition on the table and declining or failing to take further action thereon, or decides that the allegations of such petition are not sustained by the evidence adduced, his right of appeal to the courts may at once be exercised, and its exercise, under such circumstances, is not open to the exception of prematurity.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 876–883; Dec. Dig. ⬦⬥493.]

2. TAXATION ⬦⬥493—ASSESSMENT—PETITION
OF TAXPAYER—SUFFICIENCY.

When one taxpayer calls in question the assessment of another, on the grounds that property of the latter is assessed, for less than its value, and that the assessment was arrived at, not by inspection and diligent inquiry on the part of the officers charged with that duty, but by means of a compromise agreement between such officers and the owners, and the board of reviewers, in effect, decides that his petition discloses no cause or right of action by laying it on the table and declining or failing to take further action thereon, and where the complainant then presents a similar petition to the district court, exceptions to jurisdiction and of no right and no cause of action should be overruled.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 876–883; Dec. Dig. ⬦⬥493.]

Appeal from Thirtieth Judicial District Court, Parish of Caldwell; George Wear, Sr., Judge.

Action by P. W. Carr and others against the Louisiana Central Lumber Company and

136 LA.—33

others.  From judgment of dismissal, with directions, plaintiffs appeal.  Affirmed in part, and reversed in part, and remanded.

George Wear, Jr., of Jena, for appellants. Stubbs, Russell & Theus, of Monroe, for appellees.

Statement of the Case.

MONROE, C. J.  Plaintiffs herein (nine in number), in their petition to the district court, allege that they are citizens and taxpayers of the parish of Caldwell, and that three of them reside, own property, and pay taxes in school district No. 15 of that parish. They further allege that the lumber company, made defendant, owns property in said parish to a value exceeding $900,000, including 8,900 acres of timber land, in school district No. 15, of the cash value of $58,160; that the total holdings of the company in the parish have been assessed for the year 1914 at $615,940, and that the timber lands in school district No. 15 have been assessed at less than $35,000, and less, by $22,650, than the amount for which they should have been assessed; that the total assessment of the company in the parish is less, by $285,000, than it should be; that in view of criticism, during the preceding 12 months, to the effect that the company was underassessed, the police jury, in January, 1914, took steps to employ an estimator to appraise its timber holdings; that the company thereupon, and with the understanding that the estimator be not employed, entered into an agreement with a majority of the members of the police jury that its assessment should be increased by $112,000, and petitioners are informed and believe that said police jurors agreed that they would not vote for any further increase in said assessment during their terms of office; that the action thus mentioned was taken at a called meeting of the police jury at which the members from wards 6 and 9, where much of defendant's land and timber

are situated, were not present; that on June 8, 1914, the police jury met as a board of reviewers, and that petitioners, through their counsel, appeared and presented a petition setting forth that the holdings of the defendant company, in the parish, were underassessed, as herein alleged; that the complaint, so far as it related to school district No. 15, was summarily dismissed, without calling upon the company to answer thereto, and notwithstanding the evidence which was presented in its support; that petitioners asked that the assessment of said company, throughout the parish, for the preceding three years, be increased, but that the president of the police jury replied that, so far as he was concerned, the petition should lie on the table; that no further action was taken in the matter; that the police jury then proceeded with its work and, in less than an hour, increased defendant's assessment, in accordance with the compromise hereinbefore mentioned; that said compromise is in contravention of article 225 of the Constitution and the statute laws of the state, and that the assessment so arrived at is unlawful; that petitioners have no other means of relief than through the courts, and they pray that the assessor, tax collector, police jury, board of reviewers, and the defendant company be cited, and that there be judgment decreeing the compromise between said company and the police jury to be illegal and void and the assessment of said company, for the current year, throughout the parish, to be inadequate, by $285,000, and ordering the assessor to increase the same to $900,940, or to such an amount as will represent the true value of its holdings, and to increase the assessment upon its property in school district No. 15 in like proportion; and that such assessment be made for the three preceding years. The defendant company filed an exception of "prematurity of action," and, with reservation of rights, exceptions to the

jurisdiction of the court of no cause of action and no right of action. The exception of prematurity and no cause of action were sustained, and the suit dismissed, and, from that ruling, plaintiffs prosecute this appeal.

### Opinion.

Section 24 of Act 170 of 1898, now found, as amended and re-enacted, in section 2 of Act 63 of 1906, provides, in substance, as follows:

That the board of reviewers shall meet on the first Monday in July, or as soon thereafter as possible, and the assessors shall then lay before it their lists of property, with values extended, and lists of property owners who have complained of their valuations, and that the board shall proceed to determine the issues so presented; that the board shall scrutinize the assessments as prepared, and, after hearing evidence, determine whether the valuations are just, and either approve or disapprove them; that, if the reviewers approve a list, it shall be final, but, if they disapprove it, or any item therein, they shall note the same and inform the assessor, and, if the assessor concurs with them, the assessment agreed on shall be entered on the list; that, if the assessor should not concur with them, the valuation determined on by the reviewers shall be final, unless otherwise ordered by the courts; that the reviewers shall hear all taxpayers who may desire to contest their assessments, and shall determine the contests; and, if the claim of a taxpayer for relief shall not be approved, he may apply to the district court, which will hear and determine the matter; that, all suits for reduction of assessments shall be heard without delay, and without cost to the assessors or reviewers; that it shall be the duty of the assessors to bring suit to protect the interests of the state and that they may appeal in such cases without costs; that "any taxpayer shall have the right to appear before the board of reviewers and call in question any assessment on the roll, if he considers such assessment too low, and any taxpayer shall have the right to appeal from the decision of the assessor or the board of reviewers, to the courts at his own cost. No valuation made by the assessor shall be increased by the board of reviewers unless the taxpayer is served with notice to appear before said boards, within five days, and show cause why such increased assessment should not be made."

It will be seen from the foregoing that the reviewers are not called upon to notify the taxpayer unless they contemplate the possibility of increasing the valuation of his

property; and it will also be seen that if they do not contemplate such possibility, and so decide, when one taxpayer calls in question the assessment of another, the taxpayer making the complaint is given a right of appeal to the courts from such decision. 'And that is the case which is here presented.

[1, 2] The plaintiffs herein, being taxpayers (within the meaning of that term as used in the statute), appeared before the board of reviewers and called in question the assessment of the defendant company, alleging that it was too low, and that it had been arrived at by a method not authorized by law. The statute is perhaps susceptible of the interpretation that it confers upon the board the power to determine the question thus presented without hearing' testimony, though we are inclined to doubt whether that is the proper course to pursue. However that may be, the board, in this instance, appears to have heard testimony as to part of the complaint presented to it, and, in effect, to have decided, as to the other part, that plaintiffs' petition disclosed no cause or no right of action; and, from that decision, plaintiffs exercised their right of appeal to the district court, which is the remedy that the statute, in ipsissimis verbis, provides. The appeal was therefore not premature. The question which remains, then, is: Does the petition, alleging those facts, which plaintiffs then presented to the district court, disclose a cause and right of action? We think it does. For the Constitution declares that:

"Taxation must be equal and uniform throughout the territorial limits of the authority levying the tax, and all property shall be taxed in proportion to its value, to be ascertained as directed by law." Const. art. 225.

The methods by which those charged with that duty are directed by law to ascertain the value of property for the purposes of taxation is by inspection and careful and diligent inquiry, and not by compromises and agreements with the taxpayers. Act 170 of 1898,

§§ 6, 7, 13, 20, 21, 24; Cudahy Packing Co. v. Board, 115 La. 325, 38 South. 1008; Pons v. Board, 118 La. 1101, 43 South. 891. How far the questions here presented may be affected by any action taken by the state board of equalization is a matter to be considered upon the merits of the case.

It is therefore ordered that the judgment appealed from be affirmed, in so far as it overrules the exceptions to the jurisdiction of the court and of no right of action, and that it be reversed, in so far as it sustains the exceptions of prematurity and of no cause of action; and it is further ordered that the exceptions last mentioned be overruled, and the case remanded to the district court, to be there proceeded with according to law and to the views expressed in the foregoing opinion, the costs of the appeal to be paid by the Louisiana Central Lumber Company, and those of the district court to await the final decision of the case.