THOMPSON, J.
 

 .The facts certified by the judges of the Court of Appeal in the above-styled case now pending in that court are as follows:
 

 The plaintiff is a foreign corporation, engaged in the mercantile business in the parish of Caddo. Its mei’chandise and stock in trade consisted of oil well supplies, building hardware, automobile accessories, and sporting goods.
 

 On January 1, 1924, the company’s stock on hand, consisting of the various classes of goods and supplies as enumerated, amounted to $204,200.
 

 On July 1, 1924, the stock amounted to $252,604.90, and on December 1, 1924, $95,-105.55, all as shown by the three inventories taken at the times stated.
 

 After the inventory of July 1, 1924, was made,
 
 the
 
 company decided to discontinue the ■handling of automobile accessories, sporting goods, and.building hardware, and to confine its business and stock in trade exclusively to oil well supplies. Accordingly, all of the stock of the various classes other than oil well supplies was removed from its branch house in the city of Shreveport, and this is why the goods on hand as shown by the inventory of December 1, 1924, amounted to only $95,105.55.
 

 A short time before April 1, 1925, the company made a sworn return of its property for assessment and taxing purposes for 1925 to the assessor, in which return was included the actual stock on hand as of date January 1, 1925, amounting to $95,105.55.
 

 In keeping with a form prescribed for making returns of mercantile stocks for assessment, the company exhibited the inventories which it had made during the year 1924.
 

 The assessor declined to accept the company’s sworn statement of the value of the stock as of date January 1, 1925, but took as a basis for the assessment for 1925 the average of the stock on hand during 1924 as shown by the three inventories made during that year, and placed a valuation of $183,-970.15. . ' '
 

 
 *105
 
 The assessment rolls for the year 1925 were not filed by the assessor until after January 1, 1926.
 

 It is admitted that the company’s stock on hand at no time during, the year 1925 exceeded $95,105.55.
 

 The company made timely application to have its assessment for 1925 reduced from $183,900 to $95,105.55, the maximum amount of merchandise on hand for that year.
 

 The authorities refused to make the reduction, whereupon the present suit was filed.
 

 Two questions are submitted for answer by this court:
 

 (1) Under the admitted facts, as above disclosed, was plaintiff’s assessment for 1925 properly made by the assessor?
 

 (2) If the above question is answered in the affirmative, then is plaintiff entitled, under the facts disclosed, to have its assessment reduced upon proper and timely application to the courts?
 

 Section 1, article 10, of the Constitution of 1921 provides that no property shall be assessed for more than its actual cash value, and all taxpayers shall have the right of testing the correctness of their assessments before the courts at the domicile of the assessing authority.
 

 Section 7 of Act 170 of 1898 provides that it shall be the duty of tax assessors to place upon the assessment list all property subject to taxation, including merchandise or stock in trade on hand at the date of listing.
 

 It is further provided that, in assessing mercantile firms, the true intent and purpose shall be held to mean the placing of such value upon the stock in trade, as will represent a fair average on the capital, both cash and credit, employed in the business of the party or parties to be assessed.
 

 In the case of Swift & Co. v. Board of Assessors, 115 La. 322, 38 So. 1006, the plaintiff was assessed on merchandise or stock in trade for $20,000. The amount was arrived at by the taxing authorities by taking the total amount of meat received during .the previous year, and dividing the same by twelve, thus reaching what was said to be the average value of stock on hand during the previous year. ; • ■ :
 

 It was shown that at no time during the previous year did the company have on hand a stock of more than $1,500 in value.
 

 This court sustained the judgment which reduced the assessment to that amount. ■
 

 In the case of Cudahy Packing Co. v. Board of Assessors, 115 La. 326, 38 So. 1008, the taxing authorities had placed a valuation of $20,000 on the plaintiff’s stock in trade.
 

 In arriving at this valuation, the assessing authorities took 'the aggregate purchases of merchandise for the preceding year, ana. divided it by twelve, and took the average as a basis for the assessment.
 

 It was contended by the plaintiff that the merchandise or stock in trade on hand on the day of listing should be taken as .the basis for the assessment.
 

 The lower court had sustained the reduction to the amount of stock .on hand at-the time of listing, and this court approved that' judgment. ■ ., .
 

 “The judgment places the proper value, as we think, upon, the stock in trade. It has sought to and has reconciled ‘the fair average’ clause with the law relative to the listing of the property and its value.”
 

 . In the first cited case, the court held that the basis of assessment taken by the assessor was radically wrong and amounted to double taxation. •
 

 The court did say that section 7 of Act 17Q of 1898 contemplates that all the elements which constitute the capital of a mercantile firm or company shall be assessed at their average value during the preceding twelve months, and, where the- stock in trade varies in amount during that period, the “average?
 
 *107
 
 is obtained by calculating tbe mean of tbe several months.
 

 The result of the decision was, however, that where a mercantile company did not have at the date of listing, or at any period of time during the preceding year, merchandise or stock in trade exceeding $1,500 in value, it cannot be assessed on such item for a greater amount.
 

 We take the rule to be that, where it is not practicable to arrive at the amount of merchandise or stock in trade on hand at the time of listing the same for taxing purposes, then the assessing authorities are authorized to take as a basis for siuch purpose the average amount of stock dn hand for the preceding year, and this method is fair both to the taxpayer and to the state.
 

 Where, however, the amount of stock on hand at the time of listing can be reasonably ascertained, then that amount should be accepted as the basis for the assessment.
 

 This method would be strictly in keeping with the cash value clause of the Constitution and the requirement of the statute that the valuation should be of the stock on hand at the date of listing.
 

 In the instant case the plaintiff did not have on hand on January 1, 1925, nor at any time during that year, a stock in trade and on hand exceeding $95,105.55, which consisted of its oil well supplies.
 

 It may be fairly assumed, therefore, that this amount represented the average oil well supplies carried during the previous year, and that the balance of the general average for 1924 represented the stock of the business which had been abandoned and removed long prior to January 1, 1925.
 

 To sustain the assessment made by the assessor in this case would clearly amount to double taxation, for it must be assumed that the portion of stock which had been removed was properly assessed at the place to which it had been removed.
 

 ' Suppose the plaintiff had confined its business during 1924 to that of handling oil well supplies, and its stock amounted to $95,-105.55, but that on January 1st it had taken on the other business of automobile accessories, sporting goods, and building hardware, and the combined stock had amounted to $183,900, would it be contended for a moment that the stock of the single business carried on in 1924 should be taken as the proper basis for the assessment of 1925? Certainly not, for that would have been unfair to the state.
 

 Our answer to the first question is in the negative, and to the second in the affirmative.