143 So. 53

## WILLIAMS v. BOARD OF ASSESSORS FOR PARISH OF ORLEANS et al.

### No. 31735.

June 20, 1932.

Rehearing Denied July 20, 1932.

Harry P. Sneed, of New Orleans, for appellant.

Rene A. Viosca, Atty. for State Tax Collector, William C. Dufour, Atty. for Board of Assessors, Michel Provosty, City Atty., and Henry B. Curtis, Asst. City Atty., all of New Orleans, for appellees.

ROGERS, J.

Plaintiff brought this suit to cancel an assessment against him for the year 1931 on a certain automobile which he purchased during the year from a local automobile dealer. The court below dismissed the suit, and plaintiff has appealed from the judgment.

On June 19, 1931, plaintiff purchased from the Nash Mississippi Valley Motor Company, out of its stock, a certain automobile for which, on his application, a license No. 233335 was issued. The motor company is a dealer in automobiles in the city of New Orleans and was assessed in the sum of $89,600 for the year 1931 on merchandise consisting of new and used automobiles and parts. Plaintiff's automobile was purchased by his vendor in Kenosha, Wis., from which point it was shipped on June 3, 1931, reaching New Orleans on June 10, 1931, and was sold, as heretofore stated, to plaintiff on June 19, 1931. The data on which the assessment against plaintiff was based were obtained from an examination of the carbon copy of plaintiff's application for a license for the automobile, which is the method systematically employed in assessing automobiles.

Among the five reasons urged by plaintiff in support of his demand is that the automobile, as part of the average stock of merchandise of the Nash Mississippi Valley Motor Company, had already been assessed for the year 1931, and that the assessment of the car to plaintiff constitutes a dual assessment thereof. We think the reason is sound.

Section 7 of Act No. 170 of 1898 imposes the duty upon the tax assessors throughout the state to place upon the assessment lists all property subject to taxation, including merchandise or stock in trade on hand at the date of listing. The statute also provides, in the same section, that in assessing mercantile firms its true intent and purpose shall be held to mean the placing of such value upon the stock in trade as will represent a fair average of the cash and credit capital employed

in the business of the party or parties to be assessed.

Where the stock on hand at the time of listing cannot be accurately determined, the assessing authorities are authorized to use as a basis of assessment the average amount of stock on hand for the preceding year. Peden Iron & Steel Co. v. Louisiana Tax Commission, 163 La. 102, 111 So. 614.

It appears from the record that the Nash Mississippi Valley Motor Company, from which plaintiff purchased the automobile in the ordinary course of business, was assessed for the year 1931 on the basis of its average merchandise in the sum of $89,600. The automobile in question was brought into the state during the year 1931 by the Nash Mississippi Valley Motor Company and upon its arrival here became merged in the stock in trade of that company.

The assessment of property for the purpose of taxation is for each calendar year. Palfrey v. Sheriff, 106 La. 699, 31 So. 148. And as plaintiff's automobile formed part of the stock in trade of the Nash Mississippi Valley Motor Company during the year 1931 it was necessarily included in the assessment of the motor company for that year.

We do not think it can be seriously disputed that the automobile while in the possession of the Nash Mississippi Valley Motor Company was not subject to be separately assessed for the year 1931, because of the dual character of such assessment. And the mere fact that during the year 1931 the motor company may have parted with its possession of the automobile by its sale to plaintiff in the ordinary course of business could not again subject the automobile to assessment for that year in plaintiff's name. The objection of duality of assessment is equally applicable whether the assessment was made in the motor company's name or in plaintiff's name.

For the reasons assigned, the judgment appealed from is annulled, and it is now ordered that there be judgment in favor of Wilson Williams, plaintiff, against the board of assessors for the parish of Orleans, the city of New Orleans, and the state tax collector for the city of New Orleans, defendants, canceling the assessment for the year 1931 on plaintiff's automobile described in plaintiff's petition, and ordering its erasure from the tax rolls of the state and city for said year.